UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAFAEL MUNOZ-CANTE (A-203-655-204),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.  1:26-cv-2340 DJC CSK<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Jose Rafael Munoz-Cante (A-203-655-204), a native and citizen of Guatemala, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  In May 2019, petitioner entered the United States, was issued a notice to appear and released on his own recognizance.  On November 18, 2025, petitioner was arrested by local law enforcement and charged with criminal offenses; on November 19, 2025, immigration authorities arrested and detained petitioner for removal proceedings.  This habeas action concerns petitioner's November 19, 2025 detention.  For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted, and petitioner be provided a bond hearing.

///

---

[1]  Petitioner is proceeding in forma pauperis and without counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I.   FACTUAL BACKGROUND

Petitioner is a native and citizen of Guatemala.  (ECF No. 9-1 at 1-2 (Form I-213).) Petitioner entered the United States in May 2019.  (Id. at 4.)  Petitioner was issued a Notice of Custody Determination and released on his own recognizance under 8 U.S.C. § 1226 (Section 236 of the Immigration and Nationality Act ("INA")).  (ECF No. 9-2 at 1.)  At some point, petitioner filed an application for asylum with the immigration court, which he claims is pending.  (ECF No. 1 at 5.)  Petitioner and his current wife also have a family asylum case pending.  (Id. at 6.)

On November 18, 2025, petitioner was arrested and charged with domestic violence - felony assault and/or battery, simple assault and/or battery, and disorderly conduct.  (ECF No. 9-3 at 1.)  Petitioner states that he has not been convicted and the judge in his criminal case released petitioner on bond, but he has not been able to take care of the criminal matter since he's been detained.  (ECF No. 1 at 5.)  On November 19, 2025, a warrant for petitioner's arrest was issued by the Department of Homeland Security ("DHS").  (ECF No. 9-4 at 1.)  That same day, at the Rhode Island state courthouse, petitioner was apprehended by immigration officials and detained. (ECF No. 1 at 5.)

Petitioner is married and has a two year old child who is an American citizen.  (Id. at 6.) In November 2025, petitioner was employed as a painter.  (ECF No. 9-3 at 1.)  Petitioner was not provided a pre-deprivation hearing.  (ECF No. 1 at 8.)  Petitioner has been in continuous detention since November 19, 2025.  (Id. at 11.)

## II.   PROCEDURAL BACKGROUND

On March 26, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF No. 1.) On April 6, 2026, respondents timely filed an answer to the petition.  (ECF No. 9.)  On May 21, 2026, pursuant to the Court's order, respondents informed the Court that petitioner remained in ICE custody, but court records reflected the wrong A-number for petitioner.  (ECF No. 11.)  On May 22, 2026, the March 30, 2026 order was re-served on petitioner, bearing the corrected A-number, and petitioner was granted ten days to file a reply to respondents' answer.  (ECF No. 12.) Petitioner did not file a reply.  (See Docket.)  Briefing is now complete.

///

2

### III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.    DISCUSSION

In his sole claim for relief, petitioner challenges his continued detention on the grounds that his prolonged detention violates the Fifth Amendment. (ECF No. 1 at 16 ¶¶ 47-49.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), a provision enacted under the Laken Riley Act ("LRA"), based on petitioner's 2025 arrest involving serious bodily injury to his wife and another victim. (ECF No. 9 at 2.) Further, respondents contend petitioner has not been subjected to prolonged detention under Zadvydas, 533 U.S. at 678, because he has not entered the post removal order period, and even so his detention has not exceeded six months. (ECF No. 9 at 3-7.)

#### A.    Governing Statute

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original). In

3

January 2025, the LRA amended § 1226(c) to add a new category of noncitizens ineligible for release under § 1226(a), including noncitizens deemed "inadmissible" for being "present in the United States without being admitted or paroled," who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii).  For purposes of these findings and recommendations, this Court assumes that petitioner is detained pursuant to § 1226(c)(1)(E)(i)-(ii) based on his November 18, 2025 arrest for domestic violence, assault and battery.[2]  Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings, 583 U.S. at 303.

This does not end the inquiry, however, because petitioner has raised a due process claim.

**B.    Due Process Claim**

While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  Loba L.M. v. Andrews, et al., 2025 WL 2939178, at *4

---

[2]  As noted by respondents, the police reported that Gloria de la Cruz, petitioner's wife, "appeared to have a laceration on her forehead, which was actively bleeding," and another victim, Oscar Gomez Yocute, sustained minor abrasions to his face, a large abrasion above his left nipple, and had been bitten by petitioner.  (ECF No. 9-3 at 3, 5, 6.)  The record does not reflect the outcome of the November 18, 2025 charges for domestic violence, assault and battery.  For this reason and because petitioner does not dispute respondents' claim that the incident involved serious bodily injury and does not challenge his detention based on the November 18, 2025 arrest and charges, this Court does not address this matter further.  The Court notes that were this Court to find that petitioner's detention pursuant to the LRA was not mandated based on the November 18, 2025 arrest, the remedy would be a bond hearing, as this Court recommends below.  See Singh v. Chestnut, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026).

(E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).  "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'"  Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)).  "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'"  Martinez v. Clark, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5.  This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process.  See Keo v. Chestnut, et al., 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026);  Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their

presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps:  the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).  The Court concludes that petitioner has a protected liberty interest in his freedom from detention.  See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Petitioner has been detained since November 19, 2025, for over 6.5 months, and faces detention until his removal proceedings are final.  This exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution.  The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context).  In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted).  Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[3] Mathews, 424 U.S. at 335.

---

[3]  "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally

6

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). Petitioner has been detained for over 6.5 months, and the length of petitioner's future detention is unknown where the record does not reflect that petitioner has a final removal order, and contains no information concerning the pendency of proceedings before the Board of Immigration Appeals ("BIA"). In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since November 19, 2025 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger and/or a flight risk. On the other hand, the Court notes that petitioner states he was granted release on bond by the judge in the pending criminal proceedings. (ECF No. 1 at 5.) Thus, the second factor weighs in petitioner's favor as well.

entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Matthews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondents' interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d at 970; Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094.

Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over 6.5 months, and the length of his future detention is unknown, and the record does not reflect that the removal order is final. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**V.    MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends the petition be granted and petitioner receive a bond hearing, the Court does not find the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied without prejudice.

**VI.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ordered to provide petitioner Jose Rafael Munoz-Cante (A-203-655-204) with a bond hearing before a neutral decisionmaker within **seven (7) days** of the adoption of these findings and recommendations where the government bears the burden of establishing by clear and convincing evidence that petitioner poses a danger

8

to the community or a risk of flight.

3. Because petitioner is proceeding pro se, respondents be further directed to file a status report within seven (7) days from the date of the bond hearing.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/muno2340.157.2241.imm.bond